# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Alina N. ANDERSON
### Yeoman Second Class (E-5), U.S. Coast Guard

### CGCMSP 25001
### Docket No. 1477

### 11 April 2022

Special court-martial sentence adjudged on 30 April 2021.

| | |
|---|---|
| Military Judge: | CDR Paul R. Casey, USCG |
| Appellate Defense Counsel: | CDR Jeffrey G. Janaro, USCG |
| Appellate Government Counsel: | LCDR Nicholas J. Hathaway, USCG |

### BEFORE
### McCLELLAND, JUDGE & BRUBAKER
### Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to her pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of eight specifications of presenting a false claim for approval and payment, in violation of Article 124, Uniform Code of Military Justice (UCMJ). The court sentenced Appellant to a bad-conduct discharge and reduction to E-2. The Convening Authority approved the sentence. Judgment was entered accordingly.

Before this Court, Appellant has assigned as error that Appellant's due process rights were violated by excessive and unexplained post-trial delay.

Appellant asserts that the ninety days between the convening authority's action and docketing of the case with this Court was presumptively unreasonable under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006) because it exceeded thirty days, and deprived her of her

right to speedy post-trial review. We apply the conclusion we reached in *United States v. Tucker*, __ M.J. __ , slip op. at 26 (C.G.Ct.Crim.App. 7 Apr 2022): that *Moreno*'s use of the convening authority's action as a terminal benchmark prior to docketing has been superseded by statute and regulation. As in *Tucker*, there was no presumptively unreasonable delay in this case. Further, even under a full due-process analysis, Appellant was not deprived of due process.

Briefly, whereas in the past the convening authority's action was the last event before a record of trial was forwarded for appellate review, under the Military Justice Act of 2016 (MJA 2016),[1] the opportunity for the convening authority to take action is followed by the entry of judgment, which "terminates the trial proceedings and initiates the appellate process." Rule for Courts-Martial (R.C.M.) 1111(a)(2) . Thereafter, further administrative processing might take significant time, especially if the transcript was not completed before the entry of judgment.[2]

Accordingly, we apply a presumption of unreasonable delay triggering a full due-process analysis when: (1) the record of trial is not docketed with this Court within a total of 150 days of the completion of trial; or (2) we do not complete appellate review and render a decision within eighteen months of docketing. *Tucker*, slip op. at 26.

Here, although more than thirty days elapsed between the convening authority's action and docketing with this Court, a total of only 108 days elapsed between completion of the trial and docketing. Accordingly, there was no presumptively unreasonable delay.

Alternatively, even if there was presumptively unreasonable delay, there still was no due process violation and relief is not warranted.

The full due-process analysis, called for upon presumptively unreasonable delay, comprises consideration of the following four factors to determine whether post-trial delay

---

[1] The alleged offenses in this case occurred after 1 January 2019, the date when the Military Justice Act of 2016 took effect, per E.O. 13825 (March 1, 2018).

[2] The Coast Guard Military Justice Manual (MJM) (COMDTINST 5810.1H) (9 July 2021) calls for the transcript to be completed within thirty days of adjournment of the court-martial. MJM subsection 21.E.5. (This provision is unchanged from the previous edition of the MJM.) That time standard was not met in this case.

constitutes a due process violation: "(1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J. at 135 (citing *Barker v. Wingo,* 407 U.S. 514, 530 (1972)). "No single factor is required for finding a due process violation and the absence of a given factor will not prevent such a finding." *Id.* at 136. If we conclude there was a due process violation, we must grant relief unless we are convinced beyond a reasonable doubt that the error is harmless. *United States v. Toohey*, 63 M.J. 353, 363 (C.A.A.F. 2006).

The record shows the following sequence of post-trial events:

| Date | Event | Days elapsed |
| --- | --- | --- |
| 30 Apr 21 | Sentence adjudged | 0 |
| 18 May 21 | Convening Authority signed | 18 |
| 24 May 21 | Entry of Judgment | 24 |
| 9 Jun 21 | Transcriptionist's certification | 40 |
| 23 Jun 21 | Court reporter's certification of ROT | 54 |
| 6 Jul 21 | Military Judge received ROT | 67 |
| 12 Jul 21 | Military Judge's verification | 73 |
| 16 Aug 21 | Docketing at CGCCA | 108 |

The length of the delay—ninety days between the convening authority's action and docketing—favors Appellant, but there were many steps required and hence sound reasons for delay under the restructured post-trial process of MJA 2016. Further, Appellant did not assert the right to speedy post-trial processing until filing her appellate brief, which weighs against her. Also, importantly, Appellant has provided no evidence of cognizable prejudice as a result of the ninety days it took from convening authority's action to docketing, and we discern none—particularly in light of the case being docketed well within the overall timeframe of 150 days envisioned by *Moreno*. Finally, there is little indication of dilatory processing or lack of institutional diligence, and relief is not warranted under Article 66(d)(2), UCMJ and *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002).

**Decision**

We determine that the findings and sentence are correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence are affirmed.



For the Court,


Sarah P. Valdes
Clerk of the Court